## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**CODEY JAMES BUTTS**                                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:25-cv-00152-JHM**

**NGEZEM PARADISE,** *et al*.                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Codey James Butts, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.[1] For the following reasons, this action will be dismissed.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a convicted inmate, was incarcerated at Kentucky State Penitentiary (KSP) at the time relevant to the complaint. He sues Defendants Ngezem Paradise, Syles Bennett, and Nurse Quarles in their individual and official capacities. The complaint alleges the following:

> One June 30 2025 I was standing at my door talking to my fellow inmate in the cell next to me when Officer Bennett came to my door with a can of OC telling me to get the fuck on the ground in the prone compliance position which I asked what I did. Cause I know I didn't do anything plus I am in a locked cell. Which is cruel and unusual punishments inflicted. At which Officer Bennett walk away and got Lt Paradise who came screaming . . . and cussing at me to get on the ground in prone compliance position . . . which I refused again.

> At this time both Officer Bennett and Lt Paradise walked off and my watch officer at the time STG Jimoh told me I was okay just sit down on my bed. When Lt Paradise came back to my cell he had a taser which he was pointing at my face while I was sitting on the bed. Telling to get on the ground bitch or I will tase you. I was trying to explain to him I didn't do nothing and the STG Jimoh told me to sit on the bed I was okay . . . Lt Paradise told me he didn't give a fuck what STG Jimoh told me [and] to get the fuck on the ground.

---

[1] Plaintiff has paid the filing fee in this action. "District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

So when he started arguing with SGT Jimoh I stood up on my bed to try and get away from the taser that was pointed at my face. I was all the way at the back of the bed facing the wall when he shot me two times with the taser at which point I locked up and fell off the bed head first and hit my head and neck on the toilet and wall. While I layed there trying to recover he reactivated the taser telling me to roll the fuck over. Which this is also cruel and unusual punishment inflicted. Also excessive force.

As to Defendant Quarles, Plaintiff alleges:

When Nurse Quarles did my medical check up she refused to properly treat me after I told her I was hurt. I told her I hit my head and neck on the toilet which she told me I be okay. I was cleared by medical and put back in my cell and at this point I noticed I was bleeding from several spots on my body from where I was shot off the bed with the taser. At this time I told my watch officer STG Jimoh and which he inform the nurse over the radio. [N]urse Quarles told him I had to wait until she got done with pill call.

When she came to give me my pills I showed her where I was bleeding from and I also told her that I was having chest pains from being tased. [S]he walk off from my door and didn't return to properly clean my wounds until she finish pill call in the whole RHV. She didn't come back and check me for my chest pain for close to 5 hours later. Which I kept telling my watch officer STG Jimoh I was having real bad chest pain. [A]t this time Nurse Quarles violated my rights to receive proper medical care and malpractice.

Plaintiff has filed a supplement to his complaint in which he states that "Office[r] Paradise has been fired from his position due to the excessive force that was used against me when this incident happened . . . . I need this to be added to the file, please." (DN 5).

As relief, Plaintiff seeks monetary damages and injunctive relief in the form of Defendants being "removed from their jobs."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

2

§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or

constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official Capacity Claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169 (sovereign immunity bars a damages action against a State in federal court absent waiver by the state). Because Plaintiff has sued Defendants—all of whom appear to be employees of KSP/the Commonwealth of Kentucky—in their official capacities, his claims must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

To the extent that Plaintiff seeks injunctive relief by requesting that Defendants be "removed form their jobs," prospective relief is unavailable to remedy past alleged harms. *See Harlston v. Taylor*, No. 2:24-CV-142, 2024 WL 4131654, at *4 (W.D. Mich. Sept. 10, 2024) ("Plaintiff does not allege the existence of an official policy or practice that Defendants continue to enforce. Nor does he allege that the actions alleged in the complaint are likely to happen to him again. Instead, Plaintiff's allegations relate solely to past harm, not future risk of harm. Plaintiff,

therefore, does not seek relief properly characterized as prospective.") (citing *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (exception to sovereign immunity is applicable where the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (internal quotation omitted)); *see generally, Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (exception to sovereign immunity lies for "prospective relief against state officials sued in their official capacity to prevent *future* federal constitutional or statutory violations") (emphasis added).

Moreover, the Court does not have the authority to grant the requested relief under § 1983. *See*, *e.g.*, *Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) (court has no authority to order termination of defendant-officers; such relief is "improper and is not available under 42 U.S.C. § 1983."); *Ross v. Reed*, No. 1:13-cv-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees"); *Roche v. Morrison*, No. 1:25-CV-312, 2025 WL 1361887, at *8 (W.D. Mich. May 12, 2025) (collecting cases stating that courts "do not have the authority to order that correctional officials be terminated from their employment.").

Accordingly, the Court will dismiss Plaintiff's request for injunctive relief for failure to state a claim upon which relief may be granted.

### B. Individual Capacity Claims

<u>Defendant Bennett</u>

Plaintiff alleges that Defendant Bennett inflicted cruel and unusual punishment when he approached Plaintiff's cell with a can of OC spray and told him to get on the ground in prone

compliance position, even though Plaintiff was confined "in a locked cell" and "didn't do anything."

The Court construes this claim as asserting excessive force in violation of the Eighth Amendment. However, Defendant Bennett's alleged threat to discharge his OC spray is insufficient to state such a claim. *See Elliott v. Golston*, No. 22-5323, 2023 WL 3467036, at *4 (6th Cir. Feb. 9, 2023) (observing that "many district courts . . . have found that the mere threat of pepper spray did not amount to a constitutional violation.") (collecting cases); *see also*, *e.g.*, *Cates v. Kentucky State Penitentiary*, No. 5:25-CV-P159-JHM, 2025 WL 3516479, at *4 (W.D. Ky. Dec. 8, 2025) ("alleged verbal threats, even accompanied by brandishing . . . OC spray or taser, do not rise to the level of a constitutional violation."); *Witten v. Schafer*, No. 5:23CV-P34-JHM, 2023 WL 5193772, at *2 (W.D. Ky. Aug. 11, 2023) (dismissing Eighth Amendment claim where plaintiff alleged that he was threatened with OC spray); *see generally*, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("We have held that harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits.") (citing *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)).

Accordingly, Plaintiff's excessive force claim against Defendant Bennett must be dismissed for failure to state a claim upon which relief may be granted.

<u>Defendant Paradise</u>

Plaintiff alleges that Defendant Paradise used excessive force when Paradise discharged his taser at Plaintiff, striking him and causing him to fall off his bed, hitting his head and neck.

The Eighth Amendment's ban on cruel and unusual punishments prohibits the "unnecessary and wanton infliction of pain'" on prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). A claim for excessive force under

the Eighth Amendment includes both objective and subjective components.  *See Johnson v. Sootsman*, 79 F.4th 608, 615-16 (6th Cir. 2023).  The objective component analyzes whether the pain inflicted on the prisoner was "sufficiently serious."  *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014).  Although infliction of a significant injury is not required, the use of force must be more than *de minimis*.  *Sootsman*, 79 F.4th at 616.  The Sixth Circuit has found that the absence of "any objectively verifiable injury" may be indicative of a *de minimis* use of force.  *Id.* at 618 (citing *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008)).

Subjectively, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Id.* at 616 (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (in turn quoting *Hudson*, 503 U.S. at 7).  Force believed necessary, even if that belief is unreasonable, will not violate the Eighth Amendment.  *Id.* at 616 (citing *Whitley*, 475 U.S. at 324).  "The negligent use of force—even the reckless use of force—does not establish an Eighth Amendment claim;" instead, a plaintiff must allege facts to plausibly suggest "the malicious use of force for the exclusive purpose to inflict pain."  *Id.* at 621 (citing *Whitley*, 475 U.S. at 319).  In evaluating malicious intent, courts consider the extent of Plaintiff's injury, the nature of the threat that justified the use of force, whether the use of force was proportional to the threat, and whether the officer tried to reduce the required amount of force.  *Id.* at 618 (citing *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321).

Read liberally, Plaintiff's allegations do not state an Eighth Amendment violation because he has not alleged facts suggesting that Defendant Paradise deployed the taser at him for the purpose inflicting gratuitous harm, but rather to ensure compliance with an order.  *See Sootsman,* 79 F.4th at 621.  Plaintiff's complaint clearly indicates that he was ordered to get into the "prone compliance" position four times—first by Bennett and then by Paradise—prior to

Paradise deploying his taser.  By Plaintiff's own account, he was noncompliant with the officers' orders, instead questioning the orders, refusing to get into prone compliance position, and then standing on his bed to "try and get away from the taser" that was pointed at him.

Indeed, the Sixth Circuit has "repeatedly described the use of a taser or pepper spray as a proportional level of force in response to a prisoner's refusal to follow orders . . . ." *Id.* at 620 (citing *Sams v. Quinn*, No. 17-1419, 2017 WL 4574497, at *2 (6th Cir. Sept. 7, 2017)) (refusing an order to accompany an officer to the infirmary); *Jennings v. Mitchell,* 93 F. App'x 723, 725 (6th Cir. 2004) (refusing an order to "exit the shower")); *see also Davis v. Agosto*, 89 F. App'x 523, 526 (6th Cir. 2004) (refusing an order to present hands for handcuffing); *Siggers v. Renner*, 37 F. App'x 138, 140 (6th Cir. 2002) (refusing an order to leave strip cage); *accord, e.g., Stone v. Good Old Boys Domestic Terrorists' Org*., No. 5:23-CV-P139-JHM, 2025 WL 1262061, at *17 (W.D. Ky. May 1, 2025) (dismissing on initial review where plaintiff alleged that he was sprayed with OC spray after refusing officer's order to return to cell).

In light of this jurisprudence, the Court concludes that Plaintiff's allegations fail to show that Defendant Paradise used excessive force against him when he deployed his taser after Plaintiff failed to comply with multiple direct orders.  This claim will therefore be dismissed for failure to state a claim upon which relief may be granted.

<u>Defendant Quarles</u>

Plaintiff alleges that Defendant Quarles violated his right to receive proper medical care and committed malpractice.  According to the complaint, after Plaintiff was "cleared by medical" and returned to his cell following the taser incident, he noticed that he was bleeding but was made to wait until after Defendant Quarles completed the unit's "pill call" to clean his wounds. Additionally, he claims that she didn't return to address his complaints of chest pain for five hours.

8

An Eighth Amendment claim of deliberate indifference to a prisoner's medical needs has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). The subjective component requires a defendant's "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). In evaluating subjective culpability, the Sixth Circuit has explained,

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). "Deliberate indifference is a high standard; consequently, medical malpractice, negligent diagnosis or treatment, and mere disagreement with medical treatment are inadequate to state a § 1983 claim." *Theriot v. MacLaren*, No. 21-2596, 2022 WL 2161391, *2 (6th Cir. Mar. 16, 2022) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017)).

Plaintiff does not allege that he was denied medical treatment altogether, that any additional medical treatment was necessary for his wounds or his chest pain, or that he had any further symptoms or diagnosis after he was treated by Defendant Quarles. Instead, he simply alleges that he was made to wait for Defendant Quarles to return to address his additional complaints after initially being cleared by medical. Significantly, he does not claim a detrimental effect from the alleged delay in treatment. As such, his allegations are insufficient to state a claim for deliberate indifference to serious medical needs. *See Bennett v. Gary*, No. 4:23-CV-115-CRS,

9

2023 WL 8531788, at *5 (W.D. Ky. Dec. 8, 2023) (dismissing on initial review where plaintiff alleged that he did not receive immediate medical treatment but did not allege a detrimental effect from the delay). And, while Plaintiff characterizes this treatment as "malpractice," it is well-settled that allegations of negligence or malpractice do not state a cognizable claim under the Eighth Amendment. *See Loyd v. Hacker*, No. CV 6:21-53-WOB, 2021 WL 1392837, at *1 (E.D. Ky. Apr. 12, 2021) ("[A]llegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context.").

Here, it is apparent from the complaint that Plaintiff was provided medical care but contends that his treatment was inadequate. His allegations do not support a plausible finding that the care he has been provided is "so woefully inadequate as to amount to no treatment at all." *Westlake*, 537 F.2d at 860 n.5. Accordingly, Plaintiff fails to state a plausible federal constitutional claim for deliberate medical indifference against Defendant Quarles and it too must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:    February 2, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.015

10